Date signed July 03, 2012



_____
PAUL MANNES
U. S. BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MARYLAND
### Greenbelt Division

| | | |
|---|---|---|
| In re: | : | |
| | : | |
| RGHGAB AT FREDERICK, LLC | : | Case No. 11-10627-PM |
| | : | Chapter 7 |
| Debtor | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |
| MICHAEL G. WOLFF, TRUSTEE | : | |
| Plaintiff | : | |
| vs. | : | Adversary Proceeding |
| | : | No. 11-0346-PM |
| | : | |
| WAVERLEY VIEW INVESTORS, LLC and | : | |
| ROCKY GORGE DEVELOPMENT, LLC | : | |
| Defendants | : | |
| - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - | : | |

### MEMORANDUM OF DECISION

Before the court is the Motion of GAB Enterprises, Inc. ("Motion") ("GAB"), for stays pending appeal of two related Orders of this court: first, the Order Entering Judgment For Defendants And Dismissing Amended Complaint entered in the above-captioned Adversary Proceeding on April 24, 2012 [Adv. D.E. No. 48] (the "Adversary Order"); and second, the Order Granting Amended Motion For Relief From Automatic Stay on the Motion filed by Waverley View Investors, LLC ("Waverley") in the main case [D.E. No. 119] (the "Stay Relief Order"), entered on April 27, 2012. The underlying matters from which GAB appeals were tried together over three days, concluding on November 22, 2011, and the court issued a single Memorandum of Decision as to both matters on April 24, 2012 [Adv. D.E. No. 47].

Appeals from both Orders were also filed by Michael G. Wolff, the Chapter 7 Trustee, who was the sole Plaintiff as to the Adversary Order and the Respondent (along with the Debtor)

as to the Stay Relief Order (the "Trustee").  On June 6, 2012, however, the Trustee filed a Motion For Approval of Resolution of Claims And Appeal pursuant to which the Trustee will dismiss his appeals in consideration for Waverley paying the estate a settlement amount of $70,000.00 upon the closing of a §363 sale wherein Waverley would be allowed to credit bid up to the full amount of its $9 million plus claim, whether or not Waverley is the ultimate purchaser. The Trustee also agreed to a $10,000.00 'carve-out' from the settlement amount for the benefit of unsecured creditors.[1]  On account of the settlement, the Trustee takes no position on the instant Motion.

In his settlement motion, the Trustee describes in detail his post-trial negotiations with both Waverley and GAB leading up to the proposed settlement, and in particular the offer from GAB of a $25,000.00 guaranty were the Trustee to prosecute his appeals; an additional $25,000.00 should the Trustee be successful in obtaining a stay of Waverley's foreclosure action pending appeal, without the requirement of posting a bond; and GAB's waiver of a potential substantial contribution claim under 11 U.S.C. §503(b)(3)(D).

As the court noted in its Memorandum of Decision, the real parties in interest in this dispute are GAB, which owned a minority interest in the Debtor, and Waverley, which was formed by the principal of the majority owner of the Debtor.  In the course of pursuing some recovery for the estate in this dispute, the Trustee states that he has incurred far in excess of $100,000.00 in attorney's fees, which represent an administrative claim against the estate.  The Trustee is not willing, at the expense of the estate and ultimately the unsecured creditors, to continue investing in the equitable subordination action without GAB assuming the risk of financing the appeal.  This is a reasonable position for the Trustee to take inasmuch as GAB stands to be the primary beneficiary of any success in the action.  GAB's involuntary petition initiated this case, and so far it has had the advantage of the Trustee's investment.  No other creditor expressed the slightest interest in this dispute.  GAB enjoyed the position of being in the catbird's seat of having another party undertake responsibility for the cost of litigation inuring primarily to its benefit.

The standard for granting a stay pending appeal is akin to that for granting a preliminary injunction.  *Nken v. Holder*, 556 U.S. 418, 428-429 (2009).  The standard for granting a

---

[1] GAB filed an objection to the Trustee's settlement motion on the same day the court heard the instant Motion.

preliminary injunction was recently restated by the Fourth Circuit in light of the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365, 374-376 (2008). In *The Real Truth About Obama, Inc. v. Federal Election Commission*, 575 F.3d 342, 346-347 (CA4 2009), the 4th Circuit found that its longstanding test of balancing the hardships was in fatal tension with *Winter*. Substituted for the Fourth Circuit's previous 'comparative harm' test of *Blackwelder Furniture Company of Statesville, Inc. v. Seilig Manufacturing Company,* Inc., 550 F.2d 189 (CA4 1977), was a four-element test for a party to meet in order to obtain a stay pending appeal: (1) that the appellant is likely to succeed on the merits; (2) that the appellant will likely suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities weighs in the appellant's favor; and (4) that a preliminary injunction is in the public's interest. *See also WV Association of Club Owners and Fraternal Services, Inc. v. Musgrave*, 553 F.3d 292, 298 (CA4 2009), and *In re Garcia*, 436 B.R. 825 (BC W.D. Va. 2010).

      While this court is hesitant to predict the durability of its decision, here the issue is clear cut. The amount of debt secured by the venture's property so far exceeds its value that the venture is hopelessly insolvent: it is dead in the water. There is no irreparable harm threatening GAB as it would stand to gain nothing whether the mortgage is held by Waverley or BB&T. It may have a cause of action against its co-venturer, and nothing decided by the court interferes with that potential action. Waverley's purchase of the note held by BB&T with funds from outsiders was neither fraudulent nor injurious. The same opportunity was available to GAB. The harm, if any, is that GAB will have to finance its own litigation now that the Trustee is leaving the scene. There is no public interest implicated in letting this two-party dispute go to another venue. Accordingly, the motion for stays pending appeal of the Orders will be denied.

      An appropriate order will be entered.

cc:
Irving E. Walker/G.David Dean, Esq., 300 Lombard Street, #2000, Baltimore, MD 21202
Jeffrey Orenstein, Esq., 15245 Shady Grove Road, #465, Rockville, MD 21202
Alan D. Eisler, Esq., 11140 Rockville Pike, #570, Rockville, MD 20852
Jennifer Kneeland/Gabrielle Duvall, Esq., 7200 Wisconsin Avenue, #800, Bethesda, MD 20814
Michael G. Wolff, Trustee, 15245 Shady Grove Road, #465, Rockville, MD 21202
Michael J. McAuliffe, Esq., 33 Wood Lane, Rockville, MD 20850

**End of Memorandum**